UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UP STATE TOWER CO., LLC and
BUFFALO-LAKE ERIE WIRELESS
SYSTEMS CO., LLC,

                    Plaintiffs,

          v.

THE TOWN OF SOUTHPORT, NEW YORK,
THE ZONING BOARD OF APPEALS OF
THE TOWN OF SOUTHPORT, NEW YORK,
and THE PLANNING BOARD OF THE
TOWN OF SOUTHPORT, NEW YORK,

                    Defendants.
_____

**DECISION AND ORDER**

6:18-CV-06445 EAW

## <u>INTRODUCTION</u>

Plaintiffs Up State Tower Co., LLC ("Up State") and Buffalo Lake Erie Wireless

Systems Co., LLC ("Buffalo Wireless") (collectively "Plaintiffs") commenced this action

pursuant to the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56

(codified at 47 U.S.C. § 151 *et seq.*, as amended) ("TCA"), the Declaratory Judgment Act,

28 U.S.C. §§ 2201 and 2202, and Articles 30 and 78 of the New York Civil Practice Laws

and Rules ("CPLR"), against defendants the Town of Southport, New York ("Southport"

or the "Town"), the Zoning Board of Appeals of the Town of Southport, New York

("ZBA"), and the Planning Board of the Town of Southport, New York (the "Planning

Board") (collectively "Defendants").  Plaintiffs allege Defendants unlawfully denied their

- 1 -

application ("Original Application") for a site plan approval and area variance to erect a wireless telecommunications tower.  (Dkt. 1).

Presently before the Court is a motion for summary judgment brought by Defendants pursuant to Federal Rule of Civil Procedure 56 (Dkt. 44) and a motion for relief from judgment pursuant to Rule 60(b)(3) brought by Plaintiffs (Dkt. 56).  For the following reasons, Defendants' motion is granted, and Plaintiffs' motion is denied.

## BACKGROUND

The factual and procedural background of this matter is set forth in detail in the Court's Decision and Order of September 25, 2019 (Dkt. 38 (hereinafter the "D & O")), familiarity with which is assumed for purposes of the instant Decision and Order.  The Court sets forth below facts relevant to the pending motions.[1]

Plaintiffs filed the instant lawsuit on June 15, 2018 (Dkt. 1), and Defendants answered on August 6, 2018 (Dkt. 6).  On January 31, 2019, Defendants filed a motion for summary judgment (Dkt. 22), which the Court granted in part and denied in part on September 25, 2019 (Dkt. 38).  Specifically, the Court granted summary judgment in favor of Plaintiffs as to the declaratory judgment claim that certain provisions of Southport's Town Zoning Law ("Zoning Law") were unlawful under New York State law, denied summary judgment without prejudice and with leave to renew as to Plaintiffs' claim that

---

[1]     The Court notes that Defendants failed to comply with Local Rule 56(a)(1), which requires a statement of material facts to be submitted with a motion for summary judgment. Defendants' reference to the statement of material facts submitted in connection with their prior motion for summary judgment (Dkt. 44 at 1) does not satisfy the Local Rule. However, given that the parties do not dispute the material facts, the Court exercises its discretion to disregard this procedural error.

the fees charged and the Zoning Law allowing for those charges effectively prohibited service in violation of the TCA, and granted summary judgment in favor of Defendants on the remaining claims.  (*Id.* at 36-37).

After the Court issued the D & O, on October 9, 2019, Plaintiffs submitted to Defendants a new application (hereinafter "New Application") for a zoning variance in order to construct a wireless facility.  (Dkt. 55-10 at ¶ 3).  Defendants sent Plaintiffs a notice of incompleteness regarding the New Application on November 5, 2019, to which Plaintiffs responded on November 13, 2019.  (Dkt. 44-1 at ¶ 13).  On November 20, 2019, Defendants sent a revised notice of incompleteness to confirm one more item for the New Application, and Plaintiffs orally provided the information at a Zoning Board of Appeals' meeting that same day.  (*Id.*).

On November 12, 2019, Southport adopted revisions to the Zoning Law governing wireless facilities, including changes to its fee provisions.  (*Id.* at ¶¶ 14-17; Dkt. 55-10 at ¶ 4).  The fees charged to Plaintiffs regarding the New Application will be pursuant to the revised Zoning Law.  (Dkt. 44-1 at ¶ 18; *see* Dkt. 55 at 13).  Defendants' counsel "has committed to fees which will not exceed $12,000 regarding review of the New Application."  (*Id.* at ¶ 19; Dkt. 55-10 at ¶ 4).  Additionally, Defendants' outside consultants have reaffirmed their previous estimates of $7,500 for William Johnson and $5,300 for Saratoga Associates.  (Dkt. 44-1 at ¶ 20; Dkt. 55-10 at ¶ 4).

On October 25, 2019, Plaintiffs filed a notice of interlocutory appeal as to the D & O.  (Dkt. 39).  Defendants filed a cross appeal on November 8, 2019.  (Dkt. 40).  On November 29, 2019, Defendants filed a renewed motion for summary judgment.  (Dkt. 44).

The Court issued a Text Order on December 2, 2019, instructing the parties to submit briefing with respect to their positions on (1) whether the filing of the appeals divested the Court of jurisdiction to consider Defendants' renewed motion for summary judgment, and (2) if not, whether further proceedings should be stayed while the appeals were pending. (Dkt. 45). Defendants filed their response on December 7, 2019 (Dkt. 46), and Plaintiffs responded on December 11, 2019 (Dkt. 48).

On December 19, 2019, the Court issued a briefing schedule with regards to Defendants' renewed motion for summary judgment without opining on the merits of whether it retained jurisdiction over the motion. (Dkt. 50). On January 31, 2020, Plaintiffs filed their opposition to the motion for summary judgment (Dkt. 55), as well as a motion for relief from judgment (Dkt. 56). Defendants filed their reply to the motion for summary judgment on February 25, 2020 (Dkt. 58), and their response to the motion for relief from judgment on February 28, 2020 (Dkt. 59). Plaintiffs replied to the motion for relief from judgment on March 13, 2020. (Dkt. 65). On March 18, 2020, Defendants requested permission to file a surreply regarding the motion for relief from judgment (Dkt. 66), which the Court granted on March 19, 2020 (Dkt. 67). Defendants filed the surreply that same day. (Dkt. 68). Plaintiffs objected to Defendants filing a surreply, and requested permission to file a sur-surreply on March 20, 2020. (Dkt. 69). On March 26, 2020, the Court granted Plaintiffs' request to submit a sur-surreply (Dkt. 71), which Defendants filed the same day (Dkt. 72).

On February 20, 2020, the Second Circuit granted Plaintiffs' motion to hold the appeals in abeyance until the issuance by this Court of a decision on Plaintiffs' motion for

relief from judgment. *Up State Tower Co., LLC v. Town of Southport, N.Y.*, No. 19-3528, Dkt. 70-71 (2d Cir. Feb. 20, 2020).

## DISCUSSION

## I. Jurisdiction

As a preliminary matter, the Court must address whether the interlocutory appeals in this matter divest it of jurisdiction over the pending motions. Circuit courts have jurisdiction over "appeals from all final decisions of the district courts of the United States," 28 U.S.C. § 1291, as well as over "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions," *id.* § 1292(a)(1). "Although it is commonly believed that the filing of a notice of appeal divests the district court of jurisdiction over a case and confers it upon the court of appeals, the notice of appeal only affects the jurisdiction of the courts over the subject matter of the appeal." *In re Michaelesco*, No. 3:08-CV-01766 (CSH), 2009 WL 10698308, at *1 (D. Conn. Aug. 13, 2009) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Both parties contend, and the Court agrees, that the Court retains jurisdiction to issue a decision on the pending motion for summary judgment. "The filing of a notice of appeal only 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Zhao v. State Univ. of N.Y.*, 613 F. App'x 61, 62 (2d Cir. 2015) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). The Court has not yet issued a decision on the merits with regards to the claims before it in the pending motion for summary judgment. Accordingly, it retains jurisdiction over those claims. *See Zhao*, 613

F. App'x at 62 ("Because the fee appeal did not give [the Second Circuit] jurisdiction to consider the settlement agreement, the District Court retained jurisdiction over a motion seeking to vacate the settlement."); *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) ("[W]e have held that the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal.").[2]

The Court also has jurisdiction over the motion for relief from judgment. Federal Rule of Civil Procedure 60(b) permits district courts to "relieve a party or party's legal representative from a final judgment." Although the Second Circuit has held that "docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule," *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (quotation omitted)), the Circuit has also found that a district court "may grant a rule 60(b) motion after an appeal is taken . . . if the moving party obtains permission from the circuit court," *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 00 CIV.3457 LTS DFE, 2002 WL 31176862, at *2 (S.D.N.Y. Sept. 25, 2002). Additionally, the Circuit has "recognized the power of a district court to *deny* a Rule 60(b) motion after

---

[2]      Defendants also contend that Plaintiffs' appeal was premature, and a premature notice of appeal does not divest a district court of jurisdiction over the matters appealed. *See United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996) ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on [a circuit] court the power to do nothing but dismiss the appeal."); *Leonhard v. United States*, 633 F.2d 599, 610-11 (2d Cir. 1980) (notice of appeal from a district court order that was non-final did not divest the jurisdiction of the district court). The Court need not resolve that issue since it concludes that it otherwise has jurisdiction.

the filing of a notice of appeal from the judgment sought to be modified." *Hyle v. Doctor's Assocs., Inc.*, 198 F.3d 368, 372 n.2 (2d Cir. 1999).

In the instant matter, the parties moved for the Second Circuit to hold the appeals in abeyance until this Court issued its decision on the Rule 60(b) motion presently before it. Motion to Stay, *Up State Tower Co., LLC v. Town of Southport, N.Y.*, No. 19-3528, Dkt. 67-2 at 4-8 (2d Cir. Feb. 14, 2020). The Circuit granted the motion and issued a Certified Order to this Court on February 20, 2020. *Up State Tower Co., LLC v. Town of Southport, N.Y.*, No. 19-3528, Dkt. 71 (2d Cir. Feb. 20, 2020). Additionally, for the reasons stated below, the Court denies Plaintiffs' motion, and "[t]he Second Circuit has stated that a district court may entertain and deny a Rule 60(b) motion filed during the pendency of an appeal without disturbing the jurisdiction of the Court of Appeals." *Burda Media, Inc. v. Blumenberg*, No. 97 CIV. 7167 (RWS), 2005 WL 323712, at *2 (S.D.N.Y. Feb. 8, 2005) (citing *Toliver*, 957 F.2d at 49). Accordingly, the Court finds it also has jurisdiction to decide Plaintiffs' Rule 60(b) motion.

## II.    **Defendants' Motion for Summary Judgment**

### A.    **Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could

find in favor of that party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact[.]" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014).  "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)).  Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358.  Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## B.  The Remaining Claim Is Moot

In the D & O, this Court concluded it was not clear whether Plaintiffs' TCA claim related to the legal and consultant fees allowed under the Zoning Law was mooted by the

Court's granting of a declaratory judgment that those same provisions of the Zoning Law were unlawful under New York State law.  (Dkt. 38 at 35-36).  Accordingly, the Court denied Defendants' summary judgment motion directed to that claim without prejudice and with leave to renew.  (*Id.*).  Defendants now move for summary judgment on this last claim presently before the Court: whether the fees charged for review of Plaintiffs' Original Application and the Zoning Law allowing for those charges effectively prohibited service in violation of the TCA.  (Dkt. 44-5 at 4).

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'"  *Chafin v. Chafin*, 568 U.S. 165, 171 (2013).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "[A] case becomes moot . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party,"  *Chafin*, 568 U.S. at 171 (quotation omitted), and "the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed,"  *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005).

The Court finds that the remaining claim before it is moot.  In the Complaint, the relief Plaintiffs seek regarding the still-pending effective prohibition claim is a declaration that the Zoning Law "constitutes an effective prohibition on wireless service" under the TCA, and that the Zoning Law's "consultant fee provisions are unlawful, the fee structure is void and unenforceable, and Plaintiffs are not liable to pay any fees . . . by the Town's outside consultants and counsel pertaining to Plaintiffs' Application."  (Dkt. 1 at 37-38).

The D & O held that "Southport's Town Zoning Law §§ 525-50, 525-65, and 525-143(B)(2) violate New York law . . . and that accordingly Plaintiffs are not liable to pay any fees by the Town's outside consultants and counsel pertaining to Plaintiffs' Application."  (Dkt. 38 at 37).  Since the issuance of the D & O, Southport adopted revisions to the Zoning Law governing wireless facilities, including changes to its fee provisions.  (Dkt. 44-1 at ¶¶ 14-17; Dkt. 55-10 at ¶ 4).  Defendants have represented that they "did not collect the fees that Plaintiffs complained about," and that the firm representing Defendants "will bear the expense of the work [Defendants' counsel] did with regard to the initial Application."  (Dkt. 44-1 at ¶¶ 7-8).  Additionally, Defendants state that "any fees charged to Plaintiffs . . . will be charged under the new laws, and not the laws that were invalidated by this Court."  (Dkt. 44-1 at ¶ 18).  Plaintiffs do not dispute that Defendants withdrew the original fees (Dkt. 55 at 15 ("The Town has . . . withdrawn its earlier charges and proposed new charges[.]"), or that the fees Defendants now charge are pursuant to their new law (*id.* at 13 (discussing "[t]he fees the Town now seeks under its new local law")).

Because the Court has already declared the relevant provisions of the original Zoning Law to be unlawful and that Plaintiffs are not liable for any fees charged thereunder, the declaration Plaintiffs still seek would have no effect.  *See Marin v. Town of Southeast*, 136 F. Supp. 3d 548, 563 (S.D.N.Y. 2015) ("Plaintiff's claims for declaratory relief based on facial challenges to the constitutionality of the 2011 or 2013 Laws are moot because the 2011 and 2013 Laws were superseded by the 2014 Law, and Defendant's Motion for Summary Judgment is granted as to those claims.").  Additionally, Plaintiffs do not dispute

that Defendants now seek to impose fees under new provisions of the Zoning Law, which fees are less than those originally demanded.  (*See* Dkt. 55 at 12 (noting that Defendants now demand $24,800 as opposed to "the $38,323.18 the Town sought originally"); Dkt. 55-10 at ¶ 5 ("[T]he Town's current fee escrow demand is lower than their original fee demands")).[3]  A determination by the Court regarding whether the original higher fees constitute an effective prohibition will not resolve whether the present lower fees under newly enacted provisions of the Zoning Law effectively prohibit service.

Plaintiffs contend that "the Town appears to be arguing that it has voluntarily ceased from the complained-of behavior," and argue that Defendants have not satisfied the doctrine of voluntary cessation.  (Dkt. 55 at 10-14).  The Court disagrees with Plaintiffs' characterization of Defendants' arguments.   As the name of the doctrine implies, "voluntary cessation" is only applicable to situations where the party that committed the alleged violation alters the behavior *prior to a decision by a court addressing the issue*, thereby arguably mooting the case. *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) ("[C]ourts will find a case moot after a defendant voluntarily discontinues challenged conduct only if (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief

---

[3]      Plaintiffs argue that Defendants' billing amount could quickly increase based on the previous billing by Defendants' attorney.  (Dkt. 55 at 12).  In addition to Plaintiffs' statements being speculative, *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006) ("[S]peculation alone is insufficient to defeat a motion for summary judgment."), Plaintiffs also acknowledge that Defendants have represented they will cap their attorney fees at $12,000, and that the $12,000 fee is part of the calculation of the $24,800 figure (*id.* at 12-13; *see* Dkt. 44-5 at 6).

or events have completely and irrevocably eradicated the effects of the alleged violation."

(quotations omitted)); *see also Burke v. Barnes*, 479 U.S. 361, 363-64 (1987) (holding that,

when a challenged statute "by its own terms [becomes] a dead letter," the case becomes

moot).

When applied in the context of voluntary amendments to laws, the doctrine stands

for the proposition that an amendment may not necessarily moot a case "because without

a judicial determination . . . the particular governing body remains free to reinstitute the

law at a later date." *Lamar Advert. Of Penn, LLC v. Town of Orchard Park, N.Y.*, 356 F.3d

365, 376 (2d Cir. 2004) (quotation omitted).  But here, there was a judicial determination—

not a voluntary cessation.  In other words, voluntary cessation is not applicable in situations

like the instant matter where the Court found the ordinance provisions unlawful, meaning

that Defendants are not "free" to reinstitute them at a later date.  None of the cases cited by

Plaintiffs support their position; virtually all of them involve situations where the offending

party amended the relevant ordinance before a court ruled on the merits of the case.  *See*

*Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S.

656, 660-62 (1993) (applying voluntary cessation where city repealed and replaced

ordinance 22 days after grant of *certiorari*); *City of Mesquite v. Aladdin's Castle, Inc.*, 455

U.S. 283, 288-89 (1982) (applying voluntary cessation where ordinance was amended

when case was pending in Court of Appeals); *Lamar Advert. Of Penn, LLC v. Town of*

*Orchard Park, N.Y.*, 356 F.3d 365, 377 (2d Cir. 2004) (applying voluntary cessation where

ordinance was amended while case was pending before district court); *Granite State*

*Outdoor Advert., Inc. v. Town of Orange, Conn.*, 303 F.3d 450, 451 (2d Cir. 2002)

(applying voluntary cessation where "shortly before the district court was to rule on [the plaintiff]'s motion for a preliminary injunction, the Town amended its regulations").

With respect to the fees imposed under the original provisions of the Zoning Law, Plaintiffs argue that "there is a reasonable and clear expectation that the violation of federal law will recur" because Defendants have represented that if the D & O is reversed on appeal, they will seek to collect the fees. (Dkt. 55 at 11). Plaintiffs' argument is odd, since its success necessarily depends on the D & O ruling in their favor being reversed—a result that Plaintiffs apparently believe is "a reasonable and clear expectation." In any event, if that occurs, then the Court's conclusion regarding mootness will necessarily also have to be revisited. But as of now, the actions taken by Defendants are a result of the D & O, not a voluntary action that Defendants could alter at any time absent a ruling by a court. Additionally, Plaintiffs' arguments recognize that for Defendants to collect fees under the previous provisions of the Zoning Law, the Second Circuit would have to reverse this Court's ruling. In other words, at present, any decision issued by this Court regarding whether the original zoning provisions and the fees imposed pursuant to those provisions comply with the TCA would be an advisory opinion that would not give effect to any further relief. *United States v. Corbin*, 620 F. Supp. 2d 400, 406 (E.D.N.Y. 2009) ("[I]f the Court cannot grant any effectual relief to a prevailing party, it must dismiss the case, rather than issue an advisory opinion.").

The remainder of Plaintiffs' arguments address the changes made to the Zoning Law after the Court's issuance of the D & O, and the fees imposed under the new provisions with regard to the New Application submitted by Plaintiffs. Plaintiffs' arguments are based

on new laws and new conduct, not those originally complained of or previously addressed by the Court. *See AT Engine Controls Ltd. v. Goodrich Pump & Engine Control Sys., Inc.*, No. 3:10-CV-01539 JAM, 2014 WL 7270160, at *18 (D. Conn. Dec. 18, 2014) (dismissing claims because the "factual allegations—advanced for the first time at the summary judgment stage—are well outside the ambit of . . . the current operative complaint"); *Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*, 963 F. Supp. 1342, 1359 (S.D.N.Y. 1997) (refusing to consider claim discussed in opposition brief to summary judgment motion but "never addressed . . . in the complaint"). Plaintiffs have not moved to amend the Complaint to address the new conduct complained of, and the statements in their opposition briefs are not sufficient to do so. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (noting that a party may not amend pleadings through a statement in its motion brief).

Accordingly, the Court finds that the TCA claim of effective prohibition based on the fees charged for Plaintiff's Original Application and the Zoning Law allowing for those charges is moot, and grants judgment in favor of Defendants as to this remaining claim.

## III.   Plaintiffs' Motion for Relief from Judgment

### A.   Legal Standard

The Federal Rules of Civil Procedure provide that "[o]n motion and just terms, the court may relieve a party . . . from final judgment, order, or proceeding for . . . fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case," *State St. Bank & Tr.*

*Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quotation omitted), or that the conduct "otherwise affected the outcome of the case," *DiPirro v. United States*, 189 F.R.D. 60, 66 (W.D.N.Y. 1999). "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Green v. Phillips*, 374 F. App'x 86, 88 (2d Cir. 2010) (quotation omitted). "Rule 60(b) motions are addressed to the broad discretion of the court and are granted 'only upon a showing of exceptional circumstances.'" *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 00 CIV.3457 LTS DFE, 2002 WL 31176862, at *2 (S.D.N.Y. Sept. 25, 2002) (quoting *Newmaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

## B.     <u>Plaintiffs Have Not Met the Requirements of Rule 60(b)(3)</u>

Plaintiffs contend that after the Court issued its D & O, and after Plaintiffs submitted its New Application, the Zoning Law was amended so as to change the standards and impose "more burdensome requirements on construction of a wireless telecommunications service facility in the Town." (Dkt. 56-1 at 5). Plaintiffs allege that Defendants "made material misrepresentations to the Court that [they] would rehear [Plaintiffs]' siting Application." (*Id*. at 11-15). Plaintiffs argue that Defendants' representations were "clearly false" because after Plaintiffs resubmitted their application, Defendants amended the Zoning Law and changed the rules "in ways that directly impact [Plaintiffs]' Application." (*Id*. at 11). The amendments, Plaintiffs contend, demonstrate that Defendants "had no intention of reviewing only the issue of alternatives." (*Id.* at 12).

The Court notes that as a procedural matter, Plaintiffs' motion was arguably premature. Courts in this Circuit have found that Rule 60(b) motions may not be brought against interlocutory orders, and at the time Plaintiffs filed their motion, a claim remained outstanding and final judgment had not yet been entered. *See, e.g.*, *Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015) (finding that Rule 60(b) was inapplicable following a grant of summary judgment because a "counterclaim remained pending, and the court did not direct entry of a final judgment"); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996) ("By its own terms, Rule 60(b) applies only to judgments that are final."); *Bridgeforth v. McKeon*, No. 09-CV-6162P, 2012 WL 3962378, at *2 (W.D.N.Y. Sept. 10, 2012) (concluding that reconsideration of an interlocutory order was not available under Rule 60(b)); *D.A. Elia Constr. Corp. v. U.S. Fid. & Guar. Co.*, No. 94-CV-0190E(H), 1997 WL 215526, at *2 (W.D.N.Y. Apr. 16, 1997) (concluding that Rules 59(e) and 60(b) do not apply to interlocutory orders); *Burke v. Warren Cty. Sheriff's Dep't*, 916 F. Supp. 181, 183 (N.D.N.Y. 1996) (finding that a Rule 60(b) motion was an "improper procedural vehicle" for a request to reconsider a decision granting summary judgment in favor of some defendants). Plaintiffs have cited several cases where courts ruled on Rule 60(b) motions as to non-final orders, although none of these cases address the issue of whether the motions were premature. *See Breslow v. Schlesinger*, 284 F.R.D. 78, 82-83 (E.D.N.Y. 2012); *Oliphant v. Villano*, No. 3:07CV1435 (SRU), 2010 WL 909072, at *3-4 (D. Conn. Mar. 8, 2010); *Mancuso v. Consol. Edison Co. of N.Y.*, 905 F. Supp. 1251, 1264-65 (S.D.N.Y. 1995), *aff'd sub nom.* 216 F.3d 1072 (2d Cir. 2000); *McPartland v. Am. Broad. Cos.*, 113 F.R.D. 84, 85 (S.D.N.Y. 1986). Nonetheless, given that the last

remaining claim in this matter has now been resolved, the Court need not decide whether the motion was premature and will consider the merits of Plaintiffs' Rule 60(b) motion.

The Court finds that Defendants' conduct does not amount to a clear and convincing showing that a misrepresentation was made.  In the D & O, the Court found that Defendants' denial of Plaintiffs' Original Application did not constitute an effective prohibition of service in part because Defendants represented they would review a resubmitted application that contained the supplemental materials Defendants had requested.  (Dkt. 38 at 35; *see* Dkt. 6-3 at 153).  Defendants originally made this statement in May 2018 (Dkt. 6-3 at 153); submitted a sworn affidavit of the town supervisor with their motion for summary judgment on January 31, 2019, stating "[i]f Plaintiffs resubmit, the Town will begin review and process Plaintiffs' application" (Dkt. 22-5 at ¶ 4); and reaffirmed the contention in their reply papers submitted in support of their motion for summary judgment on March 22, 2019 (Dkt. 27 at 14 ("Defendants have repeatedly implored Plaintiffs to simply re-submit their Application with the necessary information to allow all parties to continue with the review process[.]")).  Nowhere do the statements made by Defendants indicate that they would grant Plaintiffs' New Application upon resubmission or evaluate the New Application pursuant to particular zoning laws.  Instead, Defendants repeatedly represented that they would begin processing Plaintiffs' New Application once all the requested materials were submitted.  Indeed, the New Application remains pending, and Defendants have stressed "that the Updated Code does not mean that Plaintiffs' [New] Application will not be heard."  (Dkt. 59 at 8).

The cases cited by Plaintiffs are not dispositive.  In *DiPirro*, the court found that the Rule 60(b)(3) standard was satisfied where the plaintiff had testified at trial "that she did not work at Pizza DiPirro between August 10, 1994 and January of 1998," but then testified at a subsequent criminal trial "that she was working on November 14, 1997, and that she had been working three days a week for at least six weeks prior to that date."  189 F.R.D. at 66.  Additionally, the court in *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 305 F. Supp. 2d 939 (E.D. Wis. 2004), *aff'd on relevant grounds*, 402 F.3d 1198 (Fed. Cir. 2005), an out-of-circuit district court case, found that the plaintiff's conduct amounted to a misrepresentation where it "affirmatively misrepresented that no patent licenses were in effect" in response to three document requests during discovery.  *Id.* at 959-60.  The cases cited by Plaintiffs support the proposition that directly contradicting a prior statement or representation is sufficient to demonstrate by clear and convincing evidence that a misrepresentation was made for purposes of Rule 60(b)(3).  *See Mavl Capital, Inc. v. Marine Transp. Logistics, Inc.*, No. 13CV7110PKCRLM, 2018 WL 1474175, at *8 (E.D.N.Y. Mar. 26, 2018) ("Ordinarily, subsection (b)(3) is invoked 'where material information has been withheld or incorrect or perjured evidence has been intentionally supplied.'" (quoting *In re Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981))), *aff'd sub nom.* 771 F. App'x 56 (2d Cir. 2019).  In the instant matter, there has not been any similar contradiction; instead, the record before the Court shows Defendants are actively considering Plaintiffs' New Application as they stated they would.

To the extent that Plaintiffs argue they could not fully and fairly present their case because Defendants hid their intention to alter the Zoning Law until after Plaintiffs

submitted the New Application, there is not clear and convincing evidence before the Court

supporting such a contention—in fact, the record demonstrates otherwise.  First, the record

supports a conclusion that at the time the representations were made, Defendants did not

know that they would subsequently consider updates to the Zoning Law, let alone when

the updates to the Zoning Law would be implemented.   (*See* Dkt. 59-3 at ¶¶ 4-5).

Additionally, the record shows Defendants did not begin discussing updates to the Town

Code until nearly a year after Defendants first informed Plaintiffs that they would consider

a resubmitted application.  (*See id.*; Dkt. 6-3 at 153).  Moreover, a duly noticed joint public

meeting was held on September 10, 2019—several weeks before the Court issued the

D & O—to discuss the proposed changes, and Defendants informed Plaintiffs of the

changes twice before they went into effect.  (Dkt. 59-3 at ¶¶ 7, 11, 13).  The record simply

does not support Plaintiffs' narrative that Defendants were covertly "mov[ing] the

goalposts" and making misrepresentations in an effort to thwart their Application.  (*See*

Dkt. 56-1 at 6).  Rather, the record supports a conclusion that Defendants began discussing

the new laws almost a year after Defendants initially represented that they would rehear

Plaintiffs' completed Application; Defendants publicly released information about

potential changes to the laws before the D & O was issued and before the parties knew that

Plaintiffs would submit the New Application pursuant to the D & O; and Defendants

personally advised Plaintiffs of the changes twice.  Additionally, Plaintiffs have offered no

explanation as to how this publicly available information was "concealed" from them, why

they were prevented from bringing it to the Court's attention prior to the issuance of the

D & O, or why Defendants were obligated to do so when Plaintiffs also had access to the

information.  *See Tolkin v. Pergament*, No. 11 CV 3467 SJF, 2012 WL 1132475, at *8 (E.D.N.Y. Mar. 31, 2012) (finding denial of Rule 60(b)(3) motion appropriate where information "could have been discovered . . . independently prior to [the] settlement"); *cf. Fleming v. N.Y. Univ.*, 865 F.2d 478, 485 (2d Cir. 1989) (finding no misrepresentation for purposes of Rule 60(b)(3) motion because "[t]he [defendant] was not required on [its] summary judgment motion to come forward with information regarding the accessibility of graduate housing" and that "it was plaintiff's obligation—which he failed to fulfill—to provide some evidence that graduate housing was inaccessible").

Moreover, the factual and legal contentions regarding the Original Application and Zoning Law were extensively litigated by thorough briefing and oral argument.  The conduct Plaintiffs rely on in the Rule 60(b)(3) motion is new conduct based on new laws not addressed in either their Complaint or in the original motion for summary judgment, and it appears that Plaintiffs are attempting to shoehorn a new effective prohibition claim into a Rule 60(b)(3) motion.[4]  The facts articulated in Plaintiffs' motion may very well state a new claim for effective prohibition.  However, as discussed with regard to Plaintiffs' arguments opposing the renewed motion for summary judgment, an effective prohibition

---

[4]    The Court also notes that to the extent that Plaintiffs' claim is based on newly discovered conduct, the motion should have been brought pursuant to Rule 60(b)(2).  *See State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004) ("Where a claim sounds very much like a claim regarding newly discovered evidence, the claim is controlled by 60(b)(2) and should not be labeled as if brought under a different provision of Rule 60(b)." (quotations omitted)).  However, even if Plaintiffs had brought a Rule 60(b)(2) motion, they would not have been successful because as discussed above, they cannot demonstrate by clear and convincing evidence that they were "justifiably ignorant of the newly discovered evidence despite due diligence."  *Id.*

claim based on the processing of the New Application is not properly before the Court at this time, *see AT Engine Controls Ltd.*, 2014 WL 7270160, at \*18; *U.S. JVC Corp.*, 963 F. Supp. at 1359, nor is a Rule 60(b)(3) motion a proper vehicle for such a claim, *see Meteor Ag v. Fed. Express Corp.*, No. 08 Civ. 3773, 2009 WL 3853802, at \*3 (S.D.N.Y. Nov. 18, 2009) ("New arguments may not be . . . made in a motion for relief under Rule 60(b)." (citing *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986))).

Accordingly, the Court finds Plaintiffs have failed to show clear and convincing evidence of a misrepresentation that materially affected their case, and denies their motion for relief from judgment pursuant to Rule 60(b)(3).

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (Dkt. 44) is granted, and Plaintiffs' motion for relief from judgment (Dkt. 56) is denied.  The Clerk of Court is directed to enter final judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: June 25, 2020
       Rochester, New York